**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RICHARD MICHAEL CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-0318-DFH-JMS |
| | ) | |
| ABC FINANCIAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting ABC Financial's
Motion to Dismiss for Improper Venue**

This matter is before the court on defendant ABC Financial's motion to dismiss pursuant to Rule 12(b)(3) of the *Federal Rules of Civil Procedure.* ABC Financial argues that venue is improper based on a forum selection clause.

A motion to dismiss based on a forum selection clause is treated properly as a Rule 12(b)(3) motion to dismiss for improper venue. *Automobile Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). When a defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. See *Moore v. AT & T Latin America Corp.*, 177 F.Supp.2d 785, 788 (N.D.Ill. 2001), *citing First Health Group Corp. v. Sanderson Farms, Inc.*, 2000 WL 139474, at *2 (N.D.Ill. 2000); 5B Wright & Miller, **FEDERAL PRACTICE & PROCEDURE** § 1352 (3d ed. 2008). In evaluating a Rule 12(b)(3) motion, a court may consider facts beyond the complaint. *Moore*, 177 F.Supp.2d at 788. Here, however, neither side has asked for an evidentiary hearing on the facts relevant to venue. Accordingly, in ruling on ABC Financial's motion to dismiss, the court must accept plaintiff's allegations as true unless controverted by defendant's factual submissions, and must resolve any factual conflicts in the parties' submissions in the plaintiff's favor. *Id.*

The central issue presented by ABC Financial's motion to dismiss is the effect of the forum selection provision of the November 16, 2004, Billing Services Agreement which was executed by the plaintiff on behalf of Revolution Health and Fitness, Inc. Paragraph 11 of the Billing Services Agreement states as follows:

> This agreement shall be governed by the laws of the state of Arkansas. Any litigation brought hereunder shall be brought only in a state or federal court of general jurisdiction in Pulaski County, Arkansas.

The plaintiff has not shown that the forum selection clause is unreasonable under the circumstances or that the application of the forum selection clause in this case is fundamentally unfair. Generally, forum selection "clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972).

The plaintiff expressly agreed to litigate in Arkansas all disputes pertaining to the billing and receivable management services provided by ABC Financial. The amended complaint alleges that ABC Financial failed to properly manage funds collected pursuant to the November 16, 2004, Billing Services Agreement executed by the plaintiff on behalf of Revolution Health and Fitness, Inc. The plaintiff alleges that ABC Financial misdirected the club's membership fees to a non-party who then unlawfully occupied or purchased the health club. Given the allegations in the complaint and the forum selection clause, venue is not proper in this District or in any court other than specified in the forum selection clause itself. The plaintiff has indicated that he will not pursue his claims against ABC Financial action if he is required to litigate his claims in conformity with the forum selection clause. Accordingly, ABC Financial's motion to dismiss pursuant to Rule 12(b)(3), (dkt 37), is **granted.**

In light of the foregoing ruling, the court **denies ABC Financial's second motion to dismiss (dkt 43) as moot.**

The ruling in this Entry does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:    6/9/2009

Distribution:

Richard Michael Carr
9021 E. Washington St.
Indianapolis, IN 46229

David J. Bodle
HACKMAN HULETT & CRACRAFT LLP
dbodle@hhclaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Jacob R. Lilly
BOSE MCKINNEY & EVANS, LLP
jlilly@boselaw.com

Anthony Seaton Ridolfo Jr.
HACKMAN HULETT & CRACRAFT LLP
aridolfo@hhclaw.com